In re John R. THOMPSON, Debtor.

John R. Thompson, Movant,

v.

United States of America by and through its Agency The Internal Revenue Service, Respondent.

Bankruptcy No. 96–60676.

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

Sept. 3, 1999.

Edward B. Claxton, III, Attorney at Law, Dublin, Georgia, *for movant.*

Brian P. Kaufman, Trial Attorney, Tax Division U.S. Department of Justice, Washington, DC, *for respondent.*

## ORDER

JOHN S. DALIS, Chief Judge.

■ By motion *the debtor* seeks partial relief from the stay of 11 U.S.C. § 362(a)(8) for the purpose of allowing the debtor's liability to the respondent United States of America acting by and through its agency the Internal Revenue Service (hereinafter "IRS") to be determined in the United States Tax Court. The debtor is not stayed under § 362 and the motion is, therefore, dismissed.

■ Bankruptcy Code § 362(a)(8) provides in part relevant to this determination

(a) Except as provided in subsection (b) of this section, a petition filed under § 301 ... of this title ... operates as a stay, *applicable to all entities,* of— ...

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor. (emphasis added).

My determination that the debtor is not stayed under § 362 is controlled by the general policy considerations of § 362.

Section 362 provides an automatic stay upon the filing of a bankruptcy petition under any chapter of the Bankruptcy Code. Section 362 provides for a broad stay of litigation, lien enforcement, and

other actions, judicial or otherwise *that are attempts to enforce or collect prepetition claims.* It also stays a wide range of *actions that would affect or interfere with property of the estate, property of the debtor, or property in the custody of the estate* [footnote omitted and emphasis added] L. King, 3 *Collier on Bankruptcy* ¶ 362.01 (15th Ed. Revised August 19, 1997).

The § 362 stay is designed to protect the debtor and provide the debtor with relief from the pressure and harassment of creditors seeking to collect their claims. Additionally, the stay protects creditors by preventing the dismemberment of the debtor's assets by individual creditors levying on property and thus promotes the bankruptcy goal of equality in distribution.

> The automatic stay is one of the fundamental *debtor* protections provided by the bankruptcy laws. It gives the *debtor* a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the *debtor* to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. (emphasis added)

H.R.Rep. No. 595, 95th Cong. 1st Sess. 340 (1977), U.S.Code Cong. & Admin. News 5963, 6296; S.Rep. No. 989 95th Cong. 2nd Sess. 54–55 (1978), U.S.Code Cong. & Admin. News 5787, 5840.

The fundamental grounds for the § 362 stay are not furthered by applying the stay to the debtor and the debtor's choice of forum for determining his tax liability. Federal law affords the debtor the option of proceeding with this determination in the tax court or in this forum. See generally, 26 U.S.C. § 6213(f) and 11 U.S.C. § 505(a). The language of § 362(a) does state that the automatic stay acts against "all entities." Bankruptcy Code § 101(15) defines "entity" to include "person, estate, trust, governmental unit, and United States Trustee ..." Bankruptcy Code § 101(41) defines "person" to include "individual, partnership, and corporation ..." Therefore, "entity," under § 101(15), includes individual, partnership, corporation, estate, trust, governmental unit and the United States Trustee. Clearly, Mr. Thompson is an individual, covered under the Bankruptcy Code definition of person, and is therefore nominally covered under the definition of entity as used in § 362(a). However, read in its entirety, § 362 plainly applies to "all entities" attempting to collect a debt or obtain property from the debtor or the debtor's estate. Clearly, the debtor does not fit within this classification of "all entities." Mr. Thompson is not an entity seeking to further efforts to collect a debt against himself or his estate. Therefore, his decision to proceed in the tax court rather than this forum is not covered under the § 362(a)(8) stay.

Having determined that the § 362(a) stay does not apply to the debtor, the motion is ORDERED dismissed. Mr. Thompson is free to choose the forum to determine his tax liability.